UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
* * * * * * * * * * * * * * * * *
                                 *
JOSEPH BROWN,                    *   No. 2:07-cv-02433-AK
                                 *
     Plaintiff,                  *
                                 *
v.                               *
                                 *
M. LEWIS, et al.,                *   ORDER
                                 *
     Defendants.                 *
                                 *
* * * * * * * * * * * * * * * * *
```

 Plaintiff, a state prisoner, filed an action under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs.  The court screened Brown's complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to state a claim.  Brown subsequently filed an amended complaint.

 The amended complaint is nearly identical in substance to Brown's initial complaint.  According to Brown, he visited the prison medical clinic after he became ill during a morning workout and complained to medical technician Harwood that he had difficulty breathing, was light-headed and was unable to stand.  Harwood diagnosed him with heat exhaustion and instructed him to cease strenuous activity and drink more water.  Brown alleges that he had actually

page 2

suffered a heart attack, and claims that Harwood and nurse Lewis demonstrated deliberate indifference to his serious medical needs in failing to diagnose and treat him for heart attack at that time.

The amended complaint fails to correct many of the deficiencies identified by the court in its order dismissing the initial complaint.

**1.** Brown alleges that Harwood misdiagnosed him and that Harwood "knew, or should have known" that the symptoms he presented were tantamount to a heart attack. As the court's prior order made clear, even if Harwood were negligent in diagnosing Brown's condition and should have known that he had suffered a heart attack, this wouldn't be sufficient to support a claim of deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 835, 843 n.8 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976). To state a cognizable claim of deliberate indifference, Brown must show that Harwood knew of and disregarded an excessive risk to Brown's health. See Farmer, 511 U.S. at 837. A conclusory allegation to the effect that Harwood knew that Brown had a heart attack is insufficient. Brown must allege specific facts "plausibly showing" that Harwood had the requisite mental state. See Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at *14–15 (U.S. May 18, 2009).

**2.** Even though Brown alleges that he had a serious medical need—a heart attack—he fails to explain when and how he was diagnosed with having had a heart attack or, if no such diagnosis was ever given, provide the facts that led him to believe that he had had a heart attack.  A bare allegation that he suffered a heart attack at the time in question is not enough to state a claim as to this element.

**3.** Brown also does not describe how the supposed misdiagnosis caused him to suffer, resulted in any delay in obtaining appropriate treatment, and/or led to further injury.

**4.** Finally, Brown fails to make any factual allegations regarding defendant Lewis.  Liability under section 1983 requires some link or connection between a defendant's act or omission and the claimed constitutional violation.  See <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987–88 (9th Cir. 2007).  Brown cannot state a claim against Lewis without alleging facts that indicate the nature of Lewis' involvement in this incident and plausibly show that Lewis knew of but disregarded an excessive risk to Brown's health.

\*   \*   \*

page 4

The court will allow Brown a final opportunity to amend his complaint to correct these deficiencies. If Brown chooses to file a second amended complaint, he must do so within 45 days of the date of this order.

May 29, 2009

ALEX KOZINSKI
United States Chief Circuit Judge
Sitting by designation