UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH BROWN**, | No. 2:07-cv-02433-AK |
| Plaintiff, | |
| v. | **ORDER** |
| **M. LEWIS, et al.**, | |
| Defendants. | |

    Joseph Brown, a state prisoner, alleges that a medical technician exhibited deliberate indifference to his heart attack symptoms, in violation of 42 U.S.C. § 1983.  The court screened his previous two complaints pursuant to 28 U.S.C. § 1915A and dismissed them for failure to state a claim.  Because Brown once again fails to allege facts supporting a claim of deliberate indifference, see Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012), his second amended complaint is dismissed without leave to amend.

    Brown became light-headed during morning exercises and was taken to the prison medical clinic.  He told medical technician Harwood that his chest hurt, he felt weak and he was having trouble breathing.  Harwood diagnosed him with heat

exhaustion.  After giving him ice and water and monitoring him until his symptoms subsided, she sent him back to his cell.

Brown alleges that he actually suffered a heart attack.  When he returned to the clinic later that day, he learned that Harwood had suspected heart trouble when she saw him in the morning:

> R.N. Roland ask me[,] "Are you the Brown" from this morning?  I said yes!  Then M.T.A. Harwood explain to me that I was possibly having a heart attack?  R.N. Roland nodded his head up and down!

Brown points to this conversation as evidence that Harwood knew about his heart condition and intentionally failed to conduct a thorough examination or order the appropriate tests.  This, he claims, amounts to deliberate indifference to a serious threat to his health, in violation of the Eighth Amendment.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The deliberate indifference standard requires the defendant to have actual knowledge of a substantial medical risk and consciously disregard it.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Brown's allegations, taken as true, don't add up to deliberate indifference.  Brown alleges that Harwood thought it "possibl[e]" he was having a heart attack, not that she was certain or even thought it likely.  His symptoms may have been consistent with other conditions.  That Harwood settled on a diagnosis of heat exhaustion without running tests to rule out a heart attack establishes, at most, that

she was negligent. As this court's prior order made clear, the negligent or inadvertent failure to provide adequate medical care doesn't violate the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105–06 (1976).

Brown fails to make any allegations whatsoever regarding defendants M. Lewis and S. M. Roche. His claims against those defendants are therefore dismissed without further leave to amend. See Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978).

**DISMISSED.**

February 25, 2013

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation